IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL OSATO EKENEZA (#A207619895), | § | |
| Petitioner, | § | |
| V. | § | No. 3:20-cv-1057-S-BN |
| WILLIAM BARR, ET AL., | § | |
| Respondents. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Michael Osato Ekeneza, then detained at ICE's Prairieland Detention Center, pending his removal from the United States, filed a *pro se* 28 U.S.C. § 2241 petition, which includes an Emergency Motion for Temporary Restraining Order and Temporary Release, in which Ekeneza asserts that, considering the COVID-19 pandemic, his continued detention violates his constitutional rights and no longer "reasonably relates to [a] legitimate government objective." Dkt. No. 3.

The Court referred this resulting action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from the presiding United States district judge.

And, on April 30, 2020, the Court ordered the habeas petition served on the United States Attorney for this district and further ordered that office to file an expedited response by May 8, 2020, *see* Dkt. No. 4, observing that

> [s]everal district courts in this circuit have recently considered similar requests by immigration detainees asserting that, considering the current global pandemic, the detainees' continued detention violated

their right to due process under the Fifth Amendment. *See, e.g., Vazquez Barrera v. Wolf*, ___ F. Supp. 3d ____, No. 4:20-CV-1241, 2020 WL 1904497 (S.D. Tex. Apr. 17, 2020); *Sacal-Micha v. Longoria*, ___ F. Supp. 3d ____, No. 1:20-CV-37, 2020 WL 1518861 (S.D. Tex. Mar. 27, 2020); *Sacal-Micha v. Longoria*, No. 1:20-CV-37, 2020 WL 1815691 (S.D. Tex. Apr. 9, 2020).

"Habeas corpus has been recognized as an appropriate vehicle through which noncitizens may challenge the fact of their civil immigration detention." *Vazquez Barrera*, 2020 WL 1904487, at *3 (citing *Zadvydas v. Davis*, 533 U.S. 678, 688, (2001); *Jennings v. Rodriguez*, 138 S. Ct. 830 (2018)). Like the petitioners in *Vazquez Barrera*, Ekeneza seeks to be released from civil immigration detention that he asserts is now unconstitutional. *See id.* at *4 ("Because Plaintiffs are challenging the fact of their detention as unconstitutional and seek relief in the form of immediate release, their claims fall squarely in the realm of habeas corpus. The mere fact that Plaintiffs' constitutional challenge requires discussion of conditions in immigration detention does not necessarily bar such a challenge in a habeas petition."). And, although the Immigration and Nationality Act ("INA") presents a statutory framework under which "[j]udicial review in the removal context is heavily circumscribed," *Duron v. Johnson*, 898 F.3d 644, 646 (5th Cir. 2018), the United States Supreme Court "has consistently allowed for habeas challenges to detention statutorily mandated by the [INA]," *Vazquez Barrera*, 2020 WL 1904487, at *5 (citations omitted).

If Ekeneza may bring his current claims under Section 2241, the court in *Vazquez Barrera* set out the legal standards applicable to an immigration detainee's argument that his continued detention during the ongoing pandemic violates his right under the Fifth Amendment to substantive due process:

> Immigration detainees are civil detainees, and thus, entitled to the same constitutional due process protections as pretrial detainees. *See Zadvydas*, 533 U.S. at 690; *Edwards v. Johnson*, 209 F.3d 772, 778 (5th Cir. 2000) ("We consider a person detained for deportation to be the equivalent of a pretrial detainee; a pretrial detainee's constitutional claims are considered under the due process clause instead of the Eighth Amendment."). Detention for noncriminal purposes is only allowed in narrow circumstances, "where a special justification ... outweighs the 'individual's constitutionally protected interest in avoiding physical restraint'" under the Fifth Amendment. *Zadvydas*, 533 U.S. at 690 (quoting *Kansas v. Hendricks*, 521 U.S. 346, 356 (1997)). Detention as punishment for noncriminal purposes is not allowed. *See Bell v. Wolfish*,

> 441 U.S. 520, 535 (1979). Where the government is holding the detainee in conditions that amount to punishment, and those conditions do not reasonably relate to a "legitimate, non-punitive governmental objective," such conditions violate the detainee's due process rights. *Cadena v. El Paso Cnty.*, 946 F.3d 717, 727 (5th Cir. 2020).

*Vazquez Barrera*, 2020 WL 1904487, at *5 (citations modified).

To determine whether Ekeneza's continued detention violates his right to substantive due process, the Court's analysis must be "fact-specific." *Sacal-Micha*, 2020 WL 1518861, at *5 ("In essence, Sacal contends that a high likelihood exists that many detainees in the Port Isabel Detention Center will contract COVID-19, and that for those who are elderly or suffer from underlying medical conditions that render them prone to the more serious aspects of the virus, the risk of death is significant. Sacal offers no evidence to support these propositions other than conclusions extrapolated from general information. And accepting Sacal's reasoning would logically require the release of all individuals currently detained who are elderly or suffer from certain underlying medical conditions. The law does not require such a generalized result. The decisions by other district courts considering similar requests demonstrate the fact-specific nature of the analysis." (collecting cases)).

Ekeneza provides only cursory allegations concerning his personal health risks – that he takes medication for high blood pressure and high cholesterol and is on a restricted diet. And he relates that, as of April 22, 2020, there were 33 reported cases at Prairieland. From this information alone, the Court cannot determine whether – as to Ekeneza, individually – that "the threat of a mass outbreak [of COVID-19] is one that portends a high likelihood of serious illness or death, and is one that [Prairieland] cannot take sufficient steps to prevent." *Vazquez Barrera*, 2020 WL 1904487, at *6; *see, e.g., Sacal-Micha*, 2020 WL 1518861, at *6 ("The Court recognizes that the COVID-19 pandemic presents an extraordinary and unique public-health risk to society, as evidenced by the unprecedented protective measures that local, state, and national governmental authorities have implemented to stem the spread of the virus. And it is possible that despite ICE's best efforts, Sacal may be exposed and contract the virus. Moreover, Sacal's age and medical condition render him particularly vulnerable to serious complications from the virus. But the fact that ICE may be unable to implement the measures that would be required to fully guarantee Sacal's safety does not amount to a violation of his constitutional rights and does not warrant his release." (citing *Farmer v. Brennan*, 511 U.S. 825, 832, (1994) ("Prison officials must provide humane conditions of confinement and must take reasonable measures to guarantee the safety of inmates."))).

*Id.* at 1-4

On May 4, the United States Attorney's Office responded, requesting

> that the Court dismiss this action under Federal Rule of Civil Procedure 12(b)(1). Dismissal is appropriate because after Ekeneza filed the underlying petition, ICE released him on bond on April 30, 2020. (See attached Exhibit, A.) Given that Ekeneza has been released on bond, he is no longer in ICE custody. He has received all of the relief that he requested and to which he would [be] entitled if successful in his petition, so there is no further relief that the Court may award.

Dkt. No. 5 at 1.

"Standing is a judicially-developed doctrine designed to ensure an Article III court is presented by parties before it with an actual case or controversy." *Ruiz v. Estelle*, 161 F.3d 814, 829 (5th Cir. 1998); *see* U.S. CONST. art. III, § 2 (limiting the jurisdiction of federal courts to "cases" and "controversies"). "To establish standing, a party must allege a 'personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief.'" *Ruiz*, 161 F.3d at 829 (quoting *Allen v. Wright*, 468 U.S. 737 (1984)).

"An 'actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.' A case becomes moot if an event occurs during the pendency of the action 'that makes it impossible for the court to grant any effectual relief whatever to a prevailing party.'" *Carbajal v. Holder*, 43 F. Supp. 3d 1184, 1189 (D. Colo. 2014) (quoting, respectively, *Alvarez v. Smith*, 558 U.S. 87, 92 (2009), and *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992)).

Ekeneza's release on bond appears to be such an event in the context of this habeas action. *See, e.g., Uzahodjaev v. Lowe*, No. 1:16-CV-2006, 2017 WL 3394400, at

*2 (M.D. Pa. Aug. 8, 2017) ("According to information provided to the Court by Respondent, Petitioner was released from custody on July 26, 2017. Since Petitioner was recently released from detention, … his challenge to indefinite detention pending deportation is subject to dismissal as moot since it no longer presents an existing case or controversy." (citations omitted)).[1]

**Recommendation and Direction to Clerk of Court**

The Court should dismiss this action as moot.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. To facilitate that requirement, the undersigned DIRECTS the Clerk of Court to serve a copy of these findings, conclusions, and recommendation on Ekeneza at the home address the government provides for him in Dkt. No. 5-1.

And any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being

---

[1] *But cf. Farez-Espinoza v. Napolitano*, No. 08 Civ 11060(HB), 2009 WL 1118098, at *5-*6 (S.D.N.Y. Apr. 27, 2009) ("Although the Government in this case appears almost to argue that there is all but a categorical rule rendering *habeas corpus* petitions moot when the prisoner is released, to the contrary, numerous cases have acknowledged that, even where a prisoner's release would otherwise render a petition moot, the inquiry nonetheless is subject to potentially applicable exceptions to the mootness doctrine. … The Government cites to a litany of cases from jurisdictions across the country in which courts have found that the release of a prisoner who challenged only the length of his or her custody mooted the prisoner's *habeas* petition. To be sure, in the appropriate case, the conclusion that a petition is moot may indeed be correct. Yet, courts have also found opportunity to apply the mootness exceptions to reach the conclusion that a *habeas* petition is not moot merely because the prisoner had been released." (collecting cases)).

served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 5, 2020

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE